**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION**

| | |
|---|---|
| **FRANCISCO FLORES** § | |
| § | |
| Petitioner § | **CIVIL ACTION NO. 5:20-CV-135** |
| VS. § | **CRIM. ACTION NO. 5:18-CR-215-1** |
| § | |
| **UNITED STATES OF AMERICA** § | |

## MEMORANDUM & ORDER

Before the Court is Petitioner Francisco Flores's motion to vacate his conviction due to ineffective assistance of counsel (Dkt. 1; Cr. Dkt. 141).[1] The motion (Dkt. 1; Cr. Dkt. 141) alleges that Petitioner's attorney in his criminal case, David Almaraz, failed to file a notice of appeal on his behalf. (*Id.* at 2.) In an Order (Dkt. 2; Cr. Dkt 154) entered August 19, 2020, the Court noted that a notice of non-appeal had been filed and signed by Petitioner and Attorney Almaraz on September 3, 2019. (*See* Cr. Dkt. 133.) However, out of an "abundance of caution," the Court ordered Attorney Almaraz to respond to these allegations. (Dkt. 2; Cr. Dkt. 154.) *See Gomez-Guzman v. United States*, No. 5:09-CR-2528, 2014 WL 12719244, at *5 (S.D. Tex. Mar. 12, 2014) (ordering response by the defendant's attorney regarding defendant's claim that his attorney failed to file a notice of appeal despite a signed notice of non-appeal). Attorney Almaraz filed his response (Dkt. 5; Cr. Dkt. 157) on August 27, 2020, which states that he was "never instructed to file for an appeal." (*Id.* at 4.) For the reasons stated below, Petitioner's § 2255 motion (Dkt. 1; Cr. Dkt. 141) should be denied.

A federal prisoner may move to vacate, set aside or correct his sentence if: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the

---

[1] "Dkt." indicates a citation to Civil Action No. 5:20-CV-00135. "Cr. Dkt." indicates a citation to Criminal Action No. 5:18-CR-00215.

1 / 3

district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Collateral relief is limited to "transgressions of constitutional rights and . . . a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). The Sixth Amendment guarantees the effective assistance of counsel at all critical stages of a criminal proceeding, including plea-bargaining. *Lafler v. Cooper*, 566 U.S. 156, 162, 165 (2012). Moreover, an ineffective-assistance claim may be raised for the first time in a Section 2255 collateral proceeding. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To prevail, the petitioner must show that (1) his "counsel's performance was deficient," and (2) the "deficient performance prejudiced him." *Andrus v. Texas*, 140 S.Ct. 1875, 1881 (2020).

However, a defendant who "explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently." *Roe v. Flores-Ortega*, 528 U.S. 470, 477 (2000) (emphasis in original). Thus, a defendant cannot claim ineffective assistance of counsel based on his attorney's failure to appeal when the "record reveals that [the defendant] filed a notice of non-appeal, which expressly reflects [his] decision to forgo a direct appeal, and confirms that he made that decision after discussing the matter with his attorney." *Urbina-Espinoza v. United States*, 2006 WL 2981189, at *1 (S.D. Tex. Oct. 12, 2006).

Here, the record reveals that Petitioner filed a notice of non-appeal that expressly reflects his decision to forgo an appeal and confirms that he made that decision after consultation with his lawyer. (*See* Cr. Dkt. 133.) The notice states in English and Spanish: "I am a defendant in this

case, and I have now been sentenced. I know that I have the right to appeal to the Court of Appeals. I have discussed my case with my attorney and I have decided not to pursue an appeal." (*Id.*) Petitioner and his lawyer (Attorney Almaraz) both signed the notice, which is dated September 3, 2019—the date of Petitioner's sentencing. (*Id.*) Thus, the record plainly discredits Petitioner's claim that he told his lawyer to file an appeal "on his behalf at [the] sentencing stage of the proceeding." (Dkt. 1 at 2; Cr. Dkt. 141 at 2.) With Attorney Almaraz's confirmation of these facts (*see* Dkt. 5; Cr. Dkt. 157), the Court finds that Petitioner has failed to establish deficient performance by his attorney. His claim must therefore be dismissed.

For the foregoing reasons, Petitioner's § 2255 motion to vacate for ineffective assistance of counsel (Dkt. 1; Cr. Dkt. 141) is hereby DENIED. Civil Action No. 5:20-CV-135 is hereby DISMISSED WITH PREJUDICE. Because the Court finds that Petitioner makes no substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c)(2). The Court certifies that any appeal from this decision would not be taken in good faith and therefore should not be taken *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).

The Clerk of court is DIRECTED to mail Petitioner a copy of this Order by any receipted means at the address indicated in his most recent filing. The Clerk is further DIRECTED to TERMINATE Civil Action No. 5:20-CV-135.

IT IS SO ORDERED.

SIGNED this 28th day of August, 2020.

_____
Diana Saldaña
United States District Judge